

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 7, 1974

The Honorable Clayton T. Garrison
Executive Director
Texas Parks & Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. H- 198

Re: Entitlement of Game
Wardens to Credit toward
longevity salary increases
while serving in admini-
strative positions.

Dear Mr. Garrison:

You have asked our opinion regarding the eligibility of game wardens for longevity increases in their salaries. Your question is:

"Does a commissioned Game Warden or District Supervisor lose service time credit for longevity purposes for the period assigned to a classified position as a law enforcement administrator when later re-assigned to a Game Warden or District Supervisor position?"

The relevant law, found on page III-119 of the General Appropriation Act for the 1974-1975 fiscal years (House Bill No. 139, 63rd Leg.), provides:

"It is expressly provided that the Parks and Wildlife Department pay longevity to Commissioned Game Wardens up to and including the grade of Captain. The amounts to be paid to each individual position shall be based on the length of service in law enforcement of Game Laws within the Department, according to the following schedule:

| | |
|---|---|
| 5 years | $10.00 per month |
| 10 years | 20.00 per month |
| 15 years | 30.00 per month |
| 20 years | 40.00 per month |
| 25 years | 50.00 per month" |

You advise us that:

"[the] Department has administrative requirements
for law enforcement personnel which require the assign-
ment of Commissioned Game Wardens and District Super-
visors to administrative positions. Reassignment of law
enforcement administrative personnel back to duties as
Game Wardens and District Supervisors may likewise
occur from time to time. "

The language of the Act requires that the increases "be based on the
length of service in law enforcement of Game Laws within the Department. "
We believe that it is necessary for a commissioned game warden to be
actually engaged in enforcement of the game laws to qualify for a longevity
increase under this appropriation rider. See, Attorney General Opinion
M-883 (1971). Whether the administrative positions you describe actually
involve law enforcement work is a fact question which this office is without
authority to determine. Compare Attorney General Opinion C-140 (1963)
where all relevant facts were given. Each case would depend on its particular
facts.

It is our opinion that a commissioned game warden's service in an
administrative position is not precluded from consideration in determining
the officer's length of service for the purposes of longevity salary increases.
However, each case will require a factual determination by the Commission
as to whether the officer was engaged in the enforcement of the game laws
while serving in the administrative position. Compare Attorney General's
Opinion No. H-105 (1973).

## SUMMARY

A commissioned game warden's entitlement to credit
toward a longevity salary increase while serving in an
administrative position will depend on a determination by
the Commission that the officer was engaged in enforcing
the game laws while serving as an administrator.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

The Honorable Clayton T. Garrison, page 3  (H-198)


APPROVED:



LARRY F. YORK, First Assistant




DAVID M. KENDALL, Chairman
Opinion Committee